**In re William M. RADIGAN, Attorney.**

Supreme Court of Kentucky.

Nov. 2, 1983.

Motion to Reconsider Denied
Dec. 22, 1983.

## OPINION AND ORDER

On October 3, 1983, by Order of the Supreme Court of Kentucky, in case # 83–SC–552–I, styled *Joseph Herald v. Commonwealth of Kentucky*, this Court granted appellant's motion for an extension of time to October 11, 1983, to file his brief and perfect the appeal.

In the same Order we further provided: "If appellant's brief is not filed on or before October 11, 1983, counsel for the appellant shall appear before this court . . . in order to show cause why appellant's counsel should not be held in contempt of this court for failure to timely file the brief."

Appellant's counsel, William M. Radigan, failed to comply with this Order, and a hearing was held on October 26, 1983, at which time Mr. Radigan appeared and offered explanation.

We find the following facts to be true:

The transcript of evidence was filed on June 10, 1983. Thereafter on three occasions on or about the day the brief was due the appellant failed to file but instead filed an affidavit, notice and motion for another thirty days extension. In each case the allegations of Mr. Radigan's affidavits are markedly similar. In each case in paragraph 5 they recite that "This motion is made in good faith and not for the reason of delay." But for the most part the six paragraphs of allegations in each affidavit parrot the preceding affidavit chapter and verse except for small differences in the first paragraph. In sum they indicate counsel is reasonably busy, and nothing further.

The practice prevalent in criminal cases of counsel routinely seeking multiple extensions has become a serious problem which this Court must consider in discharge of its administrative responsibilities.

At the oral hearing conducted October 26, 1983, Mr. Radigan advised this Court that he looked at the record in this case for the first time on the last day of the third extension. In spite of a pending show cause order he intentionally chose to work on other matters.

At that point Mr. Radigan determined that the record could be read and the necessary briefing accomplished in ten days. Once more he moved this Court on the last day for filing his statement of appeal and brief, for yet another extension—this time for ten days, the appropriate time in the first place.

Mr. Radigan is an experienced attorney with the Office of Public Advocacy. As such he is aware that should this Court refuse to permit such extension of time, however unreasonable, and dismiss appeals for failure to timely file statement of appeal and brief, thus effectively barring his client's appeal through his own misconduct, the person thus deprived of an appeal could seek further remedy in Federal Court in habeas corpus proceedings.

As the Court charged with responsibility for the orderly administration of justice in

this state we cannot tolerate counsel deciding when it is timely and appropriate for a brief to be filed, assuming power to act with impunity because of the problems in the administration of criminal justice that would otherwise result from a dismissal of the appeal.

When Mr. Radigan appeared in response to the Order of this Court to show cause, his response was significantly inadequate. The brief which he has filed in the Joseph Herald case shows that it is a relatively simple case with few issues, all of a routine nature. As he has admitted and demonstrated, it is a brief that should have taken ten days to prepare, filed 133 days after the transcript of evidence was filed.

We find no acceptable excuse for beginning work on this case on October 11, 1983. We further find that Mr. Radigan is in contempt of the Order of this Court entered October 3, 1983, requiring him to file his brief on or before October 11, 1983 or appear to show cause why he should not be held in contempt for failure to do so. We find his explanations as to other work and projects occupying his time during the period in question grossly inadequate. We find no explanation for failing to notify us immediately if there were considerations that would legitimately have prevented his complying with our Order of October 3 when notified thereof.

Being duly advised, it is the Order of this Court that said William Radigan is found in contempt of Court and fined $100 for his contempt.

In consideration of this being the first conviction, payment of the fine is suspended subject to further conduct.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concurring.

/s/ Robert F. Stephens
Chief Justice