Brian Keith MOORE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Sept. 25, 1986.

Reconsideration Denied Nov. 26, 1986.

OPINION AND ORDER

STEPHENS, Chief Justice.

On August 30, 1985, this Court entered an order in the above-styled action granting appellant's motion for an extension of time to June 12, 1986, in which to file his brief and perfect the appeal.

In the same Order we further provided:

"If appellant's brief is not filed and his appeal is not perfected on or before June 12, 1986, appellant's counsel, Honorable J. Vincent Aprile, II, and Honorable William M. Radigan, shall appear before this Court on June 24, 1986, at 11:30 a.m., in order to show cause why they should not be held in contempt of this Court or sanctioned, for failure to timely complete the brief."

Appellant's counsel, J. Vincent Aprile, II, of the Department of Public Advocacy and William M. Radigan failed to comply with this Court's Order and a hearing was held on June 24, 1986, at which time Mr. Aprile and Mr. Radigan appeared and testified.

We find the following facts to be true: The transcript of evidence was filed on July 10, 1985. Thereafter, *on the day the brief was due* appellant's counsel failed to file his brief but instead filed a motion for a ten (10) month extension. The reasons for the requested lengthy extension included a recitation of the length of the record on appeal and counsel Aprile's present caseload; along with counsels' estimate, after reviewing the record and based on their present caseloads and past experience with appeals of comparable nature and size, that an additional ten (10) months would be needed to prepare appellant's brief. In paragraph seven of the motion for extension counsel stated that "(b)ecause this is a capital case in which the death sentence was imposed, the undersigned counsel believe this initial extension of ten (10) months is both reasonable and necessary under the circumstances." On August 30, 1985, this Court considered and granted appellant's requested motion for extension of time and entered the aforementioned Order.

Ten months later, *one day prior to the date the brief was due*, appellant's counsel failed to file his brief but instead filed a motion requesting a six (6) month extension of time. Counsel failed to comply with this Court's Order of August 30, 1985, to timely file appellant's brief and instead filed a second motion for extension of time which in large part recited the language of the

previous motion for extension of time and listed "the length of the appellate record at bar, the number of preserved errors to be evaluated, and the imposition of the sentence of death" as reasons justifying counsels' request for an additional extension of time.

At the oral hearing conducted June 24, 1986, Mr. Radigan advised this Court that although he and Mr. Aprile had served as appellant's trial counsel, neither he nor Mr. Aprile had completed reading the record in this case, nor begun writing appellant's brief. After eleven months and in spite of a pending show cause order, neither attorney had begun writing appellant's brief or had completed reading the record in the case. In a criminal case of this nature this Court will not dismiss an appeal for counsel's failure to timely file a statement of appeal and brief, but this Court cannot relinquish its authority by allowing counsel to decide when it is timely and appropriate for a brief to be filed, rather than following the orders of this Court.

Mr. Radigan and Mr. Aprile gave no adequate response to the Order of this Court to show cause. Both Mr. Radigan and Mr. Aprile served as trial counsel for appellant, however, after eleven months neither counsel has committed any portion of the appellant's brief to writing or read the record in its entirety. As appellant's trial counsel, both attorneys are thoroughly familiar with the record in this case and the issues of merit therein, and yet in the eleven months since the record was certified neither attorney has begun to work on the appeal, in clear violation of this Court's Order of August 30, 1985. While Mr. Aprile testified that his caseload as a public advocate prevented him from giving full attention to appellant's case, Mr. Radigan as a private attorney offered no excuse for his failure to begin work on appellant's brief. Upon accepting the responsibility of this appeal, Mr. Radigan agreed to devote the necessary time and energy to this case and as a private attorney who is able to control his caseload, he could not offer adequate reason for non-compliance with this Court's Order. Although counsel were fully aware that they would be unable to comply with this Court's Order of August 30, 1985 and timely file appellant's brief, they waited until the last day of the ten-month extension period to request another extension. Counsel were granted a realistic deadline for filing appellant's brief. We cannot condone the practice prevalent in criminal cases of routinely seeking an additional extension of time on the last day of the extension period rather than filing the brief. When counsel is granted a lengthy extension of time in which to file a brief and it becomes impossible for counsel to file that brief, counsel shall inform this Court and request an additional extension at the earliest practicable date, justifying their inability to file the brief and the necessity for an additional extension of time to complete the brief.

We find no acceptable excuse for counsels' failure to begin writing appellant's brief or even complete reading the record on appeal before the date the brief was ordered to be filed. We further find that Mr. Aprile and Mr. Radigan are in contempt of the Order of this Court entered August 30, 1985, requiring them to file appellant's brief on or before June 12, 1986, or appear to show cause why they should not be held in contempt of this Court or sanctioned for failure to timely complete the brief. We find Mr. Aprile's explanations as to caseload to be inadequate to explain his lack of effort to commit any portion of appellant's brief to writing or to read the record. We find Mr. Radigan's explanations to be even more inadequate as he is in private practice and is able to control his caseload so that he may honor his responsibilities. We find no explanation for counsel's failure to notify this Court immediately if legitimate considerations prevented their compliance with our Order of August 30, 1985, when notified thereof.

Being duly advised, it is the order of this Court that said J. Vincent Aprile, II, is found in contempt of court and fined $500 for his contempt. It is further the order of this Court that said William Radigan is

found in contempt of court and fined $500 for his contempt.

In consideration of this being the first conviction for Mr. Aprile, payment of his fine is suspended subject to further conduct. Mr. Aprile appeared before this Court on June 24, 1986 (the same day as the hearing in this case) to show cause why he should not be held in contempt or sanctioned for failing to file appellant's brief in *Parramore Sanborn v. Commonwealth,* but technically his appearances before this Court on June 24, 1986 in these two cases constitute his first convictions for contempt of Court.

On December 22, 1983, this Court entered an Opinion and Order styled *In Re Radigan,* Ky., 660 S.W.2d 673 (1983) adjudging William Radigan to be in contempt of this Court and fining Mr. Radigan $100 for his failure to timely file the brief for appellant, Joseph Herald, and for his failure to timely notify this Court of his alleged inability to comply with court ordered briefing. As this present conviction is Mr. Radigan's second conviction for contempt of this Court, his $500 fine is payable to the Clerk of the Supreme Court.

Costs of this proceeding are assessed against Mr. Radigan and Mr. Aprile.

LEIBSON, STEPHENSON, and WINTERSHEIMER, JJ., concur.

VANCE, J., would impose the fine and costs as sanctions for failure to comply with a court order without a finding of contempt.

GANT and WHITE, JJ., dissent.